## LABOR ON THE HIGHWAYS.

Circuit Court of Cuyahoga County.

W. U. NOBLE, SUPERINTENDENT OF ROADS IN BRECKSVILLE ROAD
DISTRICT NO. 1, v. FRANK CLARK.*

Decided, October 26, 1908.

*Constitutional Law—Validity of Act Providing for Labor on the Highways—General Operation Not Defeated by Special Act Exempting Cuyahoga and Hamilton Counties—Pleading—Sections 3375 et seq.*

1. The act purporting to exempt Cuyahoga and Hamilton counties from the operation of the statutes relating to labor on highways is not effective to prevent their uniform operation, and said statutes are constitutional and enforcible.
2. The averment of non-appearance of one summoned to perform labor on the highway is broad enough to cover delinquency on the part of the one summoned to furnish a substitute to perform said labor.
3. The road superintendent is the proper party to maintain an action for recovery of the amount provided to be paid under the statute by one who fails to respond to proper notice for performance of labor on the highway.

*E. F. Reinhardt* and *H. A. Hauxhurst,* for plaintiff in error.
*Hart, Canfield & Croke,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

The action below resulted in judgment for the defendant, upon demurrer sustained to the petition. It is founded upon the Act of April 16, 1906, 98 O. L., 327, requiring labor upon highways. It is claimed that this act is unconstitutional, because it is a law of a general nature, not of uniform operation throughout the state, in violation of the Constitution of Ohio, Article 2, Section 26, in that Cuyahoga and Hamilton counties

---

* Affirmed without opinion, *Clark* v. *Noble, Superintendent,* 83 Ohio State, 515.

are, by reason of another law, specially applicable to them, exempted from its operation; and furthermore, because it infringes the inviolability of private property, guaranteed by Section 19 of the Bill of Rights, and denies the equal protection of the law, by allowing road superintendents to require persons summoned for labor upon the highways to bring teams of horses, if they have them.

Having recently upheld the constitutionality of this law in Lorain County, and having regard also to the case of *Dennis* v. *Simon,* 51 O. S., 233, in which the old law, Section 4717 of the Revised Statutes, which provided for two days labor on the public highways of this state, was held not to be in conflict with the Constitution, and to be a valid law, we shall not discuss this question further than to say that the alleged exemption of Cuyahoga and Hamilton counties from the operation of the present law, is not in accordance with the construction which we place upon it, namely, that it is of uniform operation throughout the state; and the Act of April 4, 1902, 95 O. L., 104, purporting to exempt Cuyahoga and Hamilton counties and to repeal previous legislation, can not be effective to prevent such uniform operation.

It is further contended that the petition is defective because it fails to allege that the defendant not only did not appear himself, but that he made no appearance by substitute, when summoned to perform labor upon the highway.

The language of the statute is that any such person shall appear "by himself or substitute," whereas the petition does not expressly deny that he appeared by substitute. We think, however, that the averment of the defendant's non-appearance, when summoned, is broad enough to cover his delinquency in both respects. If he failed to appear at all it is clear that he failed to appear either by himself or substitute.

It is urged in the third place that the road superintendent is not the proper party to maintain an action to recover the amount provided to be paid under the statute by any person who fails to respond to proper notice for the performance of labor on the highways; but Sections 12 and 13 of the act seem clearly to authorize him to prosecute such action.

We think that the petition below states a cause of action and that the demurrer thereto should not have been sustained.

For error in sustaining the demurrer the judgment below is reversed and the cause remanded.